UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BOBBY TERRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:09CV01471 FRB |
| ) | |
| v. ) | |
| ) | |
| ) | |
| J.D. STREETT & COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently before this Court is the Motion For Remand And Memorandum In Support (Docket No. 12/filed October 15, 2009), filed by Bobby Terry, Latoynua Terry, and J.T. ("plaintiffs"). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs are Illinois citizens. On Friday, September 11, 2009, they filed a Petition in state court against J.D. Streett & Company, Inc. ("defendant"), a Missouri resident, alleging negligence, strict liability, private nuisance, and trespass, stemming from defendant's ownership and operation of a business that involved the use of fertilizer and other agrochemicals. On Wednesday, September 16, 2009, before it was formally served, defendant filed its Notice of Removal in this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs subsequently filed the

instant motion to remand. Having reviewed the Motion and all associated pleadings in light of the record, the undersigned determines that plaintiffs' Motion should be denied.

"Federal courts are courts of limited, not general, jurisdiction," Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010) (citations omitted), and may therefore only hear cases as authorized by the Constitution and by statute. A party seeking to remove a case to federal court bears the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993) (citation omitted). Removal statutes are to be strictly construed, and all doubts are to be resolved in favor of remand. Id.; International Ass'n of Entrepreneurs of America v. Angoff, 58 F.3d 1266, 1270 (8th Cir. 1995).

A case that begins in state court is removable to federal court only if it could have initially been brought in federal court. 28 U.S.C. § 1441(a). In the case at bar, the record reflects, and the parties do not contest, that complete diversity of citizenship exists, and that the amount in controversy exceeds $75,000.00. This case therefore meets the jurisdictional requirements for a diversity action in federal court, and the removal criteria of § 1441(a) are satisfied. This does not, however, end this Court's inquiry. Under § 1441(b), if removal is premised on diversity jurisdiction, as here, the case will only be removable "if none of the parties in interest properly joined and

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is known as the "forum defendant rule," and it is upon this rule that plaintiffs base their arguments in favor of remand.

Specifically, plaintiffs argue that removal was improper pursuant to 28 U.S.C. § 1441(b) because defendant is the sole defendant in this case, and is a Missouri resident. Defendant counters that, because it filed its removal notice before plaintiffs had a chance to effect service, it had not been "properly joined and served" for purposes of § 1441(b), and that, in accordance with the plain meaning of § 1441(b), removal was proper. Plaintiffs respond that the plain meaning of § 1441(b) contemplates situations involving multiple defendants, and also argues that applying the construction suggested by defendant would offend the purpose behind § 1441(b). While plaintiffs make a strong argument for why this case should be remanded, nothing in § 1441(b) prohibits removal in a case where a forum defendant has not been served.

Plaintiffs' argument is supported by a number of district court opinions. In <u>Allen v. GlaxoSmithKline PLC</u>, 2008 WL 2247067 (E.D. Pa. 2008), the district court held that, when the only defendant in the case was an in-state defendant, such defendant could not take advantage of the "joined and served" language of § 1441(b). <u>Id.</u> at *4. In so holding, the court noted that the intent behind the "joined and served" requirement was to avoid

gamesmanship by plaintiffs by preventing them from joining forum defendants to avoid removal. Id. "Given this intent," the court concluded, "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar type of gamesmanship from defendants - removing before service, in order to later claim federal jurisdiction, for lack of proper service." Id. Similarly, in Oxendine v. Merck and Co., Inc., 236 F.Supp.2d 517, 525 (D.Md. 2002), the court concluded that a defendant who "cleverly managed to learn of the filing" of plaintiff's case before the plaintiff could effect service should not be allowed to then remove the case to federal court.

The text of § 1441(b), however, is clear, and this Court must apply the statute as it is written. Cases in this Court have held that the "Court must apply the statute as it is written, and not as plaintiffs maintain it is intended." Johnson v. Precision Airmotive, LLC, et al., 2007 WL 4289656, *6 (E.D.Mo. December 4, 2007) (citations omitted); see also Taylor v. Cottrell, Inc. and Auto Handling, Corp., 2009 WL 1657427 (E.D.Mo. June 10, 2009); Brake v. Reser's Fine Foods, Inc., 2009 WL 213013 (E.D.Mo. January 28, 2009). A case premised upon diversity jurisdiction is removable to federal court if none of the parties "properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In the case at bar, defendant had not been served before it removed the case to this Court, and the forum defendant rule therefore fails to aid

plaintiffs.  This conclusion is supported by the cases from this circuit, cited, supra, and also by the decisions of other circuits.  See Yocham v. Novartis, 2007 WL 2318493 (D.N.J. August 13, 2007); Vitatoe v. Mylan Pharms, Inc., 2008 WL 3540462 (N.D.W.Va. August 13, 2008).  In addition, 28 U.S.C. § 1446 provides that a defendant must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  The "or otherwise" language in § 1446 indicates a lack of Congressional intent to require a defendant to wait until service before filing a notice of removal.  Because the requirements for diversity jurisdiction exist, and because defendant filed its notice of removal before it was served, § 1441(a) allows removal of this case to this Court, and § 1441(b) does not preclude such removal.

    Accordingly,

    **IT IS HEREBY ORDERED** that the Motion For Remand filed by plaintiffs (Docket No. 12) is **DENIED.**

                                            /s/ Frederick R. Buckles  
                                            Frederick R. Buckles  
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of September, 2010.